## PROCEDURE FOR BREACH OF CONTRACT.

Circuit Court of Summit County.

THE MAGADORE STONEWARE CO. v. THOMAS HIERS.

Decided, April 12, 1911.

*Action on Contract or for Breach of it—What Must be Alleged—Measure of Damages.*

In an action growing out of a contract for work and labor, where the plaintiff relies upon repudiation of the contract before its completion by him, he should sue for its breach; if he alleges full performance, he must prove it, and in such case the measure of his recovery is the reasonable value of the work and not the sums expended to accomplish it.

HENRY, J.; WINCH, J., and MARVIN, J., concur.

The parties to this proceeding in error stand here in the relation opposite to that in which they stood below. The action

was appealed to the court of common pleas from that of a justice of the peace. Hiers recovered a judgment on the following cause of action set forth in his second amended petition, which alleges "that the defendant, the Mogadore Stoneware Company, is indebted to him in the sum of $285.95 for work done, labor performed and money paid out by him for said company, at its special instance and request under a contract entered into by and between this plaintiff and said defendant company, whereby and by the terms of which contract the plaintiff was to open for the defendant company a clay mine on what is known as the Webb farm in Springfield township, Summit county, Ohio. He further says that said contract was entered into verbally on or about the 10th day of May, 1908, by and between plaintiff and the said Mogadore Stoneware Company, and through Charles F. Sheeby, its general manager and agent, said Sheeby then and thereby, in the making of said contract with this plaintiff, acting as such general manager and agent of the defendant company on its behalf. Plaintiff further says that, acting under and in performance of said contract so entered into as aforesaid, he proceeded to and did open a clay mine for the defendant company; that in performing said work under aforesaid contract, he paid to the several persons named below, for work and labor done and performed by them in the opening of the said mine by this plaintiff for the defendant company, the sums of money hereinafter immediately following set forth."

After itemizing at length his accounts and outlays for labor, the second amended petition continues: "Plaintiff further says that, acting under and in performance of said agreement, he also made the following expenditure of money for material used in doing the work of opening said clay mine." The items are then set forth.

The petition concludes with averments concerning Sheeby's authority to make said contract, the company's receipt and retention of the benefits of the labor performed and expenditures made thereunder, and the fact that the said sum of $285.95 for which judgment is prayed, is due and wholly unpaid.

The facts, as testified to by Hiers, are that on April 11, 1908, he agreed verbally with the stoneware company to open the lat-

ter's clay mine to the clay for the sum of $50, and that within the month he completed this contract and received his pay. On April 27, they entered into a further contract in writing, "to continue as long as the parties thereto mutually agree," for the mining of clay by Hiers for the company at fifty-five cents a ton. Hiers worked one day under this contract and then threw it up, because the clay wall proved to be but a shell, behind which was an old abandoned working. Hiers called Sheeby's attention to this and asked what he should do. Sheeby said, "Go ahead, we've got to have the clay." Hiers thereupon continued the work through the old working. He had four or five men in his employ for about two months and furnished slabs and plank for timbering the mine. Upon applying to Sheeby for an advance of money upon his contract in order to meet his disbursements, he discovered that the company claimed that he was still working under his first contract to open the mine to the clay. Meanwhile pockets or pillars of clay were found from time to time, but no large deposit was reached.

Hiers quit his work, and the company continued it till clay in larger quantity was found; but the company's business languished, and was soon abandoned. Hiers sued to recover what he had expended under his alleged third contract, and the company counter-claimed for the cost of completing his first contract.

The theory of Hiers' second amended petition is that he fully performed his third contract, and that the measure of his recovery is the amount expended by him. His evidence shows that the company repudiated the contract before it was completed. He should, therefore, have alleged the fact of breach by the company instead of alleging his own full performance of the contract. But if he stands upon his claim of performance, he must, of course, prove it, and in that case, the measure of recovery is the reasonable value of the work, and not the sums expended to accomplish it. The second amended petition does not state a cause of action; nor is the evidence or the charge such as to cure the petition's defects after verdict. By amending his petition once more, the plaintiff may be able to recover. But for three reasons, viz: first, that the petition does not state a cause of action; secondly, that the evidence fails to support the aver-

ment of the petition that the alleged contract was fully performed; and thirdly, that the charge on the measure of recovery is erroneous, in view of Hiers' claim of full performance on his part, the judgment is reversed and the cause remanded.